NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD WILLIAMS; JANN GWENDOLYN WILLIAMS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> NATIONAL DEFAULT SERVICING CORPORATION; et al., <br><br> Defendants-Appellees. | No. 17-15152 <br><br> D.C. No. 2:16-cv-01860-GMN-NJK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Ronald Williams and Jann Gwendolyn Williams appeal pro se from the

district court's judgment dismissing their diversity action alleging state law claims

arising out of foreclosure proceedings.  We have jurisdiction under 28 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6), and we may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of plaintiffs' action was proper because plaintiffs failed to allege facts sufficient to show that defendants made false representations concerning the title of the property at issue or that plaintiffs own or hold a beneficial interest in the property. *See* Nev. Rev. Stat. §§ 205.395(1), (5) (2015) (defining false representations concerning title and setting forth requirements for bringing a civil action).

The district court did not abuse its discretion in declaring plaintiffs to be vexatious litigants and imposing pre-filing restrictions because the court gave plaintiffs notice and the opportunity to oppose the order, created a record adequate for review, made substantive findings of frivolousness, and tailored the order narrowly to prevent the abusive conduct. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-58 (9th Cir. 2007) (setting forth standard of review and factors a district court must consider before imposing a pre-filing restriction on a vexatious litigant).

We do not consider matters not specifically and distinctly raised and argued

17-15152

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiffs' request for judicial notice (Docket Entry No. 8) is denied.

**AFFIRMED.**

17-15152